IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00194-CNS-SKC

VIVOS THERAPEUTICS, INC.,

     Plaintiff,

v.

DR. GURDEV DAVE SINGH and
DR. ROD WILLEY,

     Defendants.

---

## ORDER

---

Before the Court is Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order (TRO).  (ECF No. 7).  The Court DENIES the motion for the TRO for the following reasons.

## I. FACTS[1]

Defendant Singh was the founder, majority shareholder, and Chief Executive Officer of BioModeling Solutions, Inc.  Plaintiff, a Delaware corporation with its principal place of business in Colorado, acquired BioModeling Solutions, Inc., between August and September 2016.  (ECF Nos. 1, p. 6; 7, p. 4).  Plaintiff retained Defendant Singh to serve in multiple positions at Vivos, including Chief Medical Officer, President, and Director.  (ECF Nos. 1, p. 6; 7, p. 6).  The parties executed an Employment Agreement in May 2017, which required Defendant Singh to sign, inter alia, a Non-Disclosure and Invention and Copyright Assignment Agreement.  (ECF Nos. 1, p. 6).

---

[1] The facts are taken from Plaintiff's Complaint and the instant motion.  (ECF Nos. 1, 7).

The Employment Agreement included a non-competition and non-solicitation provision for a period of twenty-four months after the termination date.  (ECF No. 7, p. 10).  In July 2021, Defendant Singh requested a sabbatical from the role of Chief Medical Officer and signed a Sabbatical Agreement in September 2021.  (ECF No. 1, p. 9).  In March 2022, Defendant Singh was terminated for cause.  (*Id*.).

Plaintiff notes that its business focuses on "The Vivos Method," which is a patented oral appliance technology with related treatments and training.  (ECF No. 7, p. 2).  Plaintiff states that this therapeutic protocol is a non-surgical and non-invasive treatment for individuals with dentofacial abnormalities as well as patients who have sleep-disordered breathing such as obstructive sleep apnea or snoring.  (*Id*.).  Plaintiff claims that it has relationships with a "vast network of dental and medical providers" and that it trains dentists in The Vivos Method.  (*Id*., p. 3).

In the instant motion, Plaintiff alleges that it discovered in December 2022 that Defendants have formed a new business venture, Koala Plus, that trains dental and medical professionals in "craniofacial and dental sleep medicine" and offers "an a la carte menu of services and training sessions for the treatment of airway, breathing, sleep and [temporomandibular joint dysfunction] TMD issues."  (*Id*., p. 6).  Based on the exhibits filed with the motion, it appears to the Court that Koala Plus is a company based in Illinois.  On December 15, 2022, Plaintiff sent Defendants cease-and-desist letters seeking, among other things, written assurances that Koala Plus would remove all references to Defendant Singh from its website and that Defendant Singh would not be participating in a conference in Illinois from January 30 to February 1, 2023.  (ECF Nos. 7-7, 7-8).  Plaintiff seeks a TRO to prevent Defendants from misappropriating its trade secrets, continuing

to operate Koala Plus, competing with Vivos, soliciting its customers, and holding a conference in Illinois from January 30 through February 1, 2023.  (ECF No. 7, p. 15).

## II.  LEGAL STANDARDS

It is within the Court's sound discretion to issue a TRO.  *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933).  To obtain a TRO, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."  *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).  To satisfy the irreparable harm requirement, the movant must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (citation omitted).

Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citation omitted).  The Tenth Circuit specifically disfavors injunctions that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits.  *Id*. at 1259.  Here, Plaintiff's motion falls primarily into the second category of disfavored injunctions.

## III.  ANALYSIS

The court does not need to reach the merits of Plaintiff's motion because Plaintiff failed to satisfy conferral requirements before moving for a TRO.  Plaintiff states in its Certificate of Conferral:

> Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Vivos attempted to confer with Defendants when each was sent a cease-and-desist letter on December 15, 2022. Both have failed to respond. Further, undersigned counsel has taken additional efforts to provide notice to Defendants.  *See* Exhibit 8.

(ECF No. 7, p. 1).  Per Exhibit 8, Plaintiff's counsel notes that it emailed counsel for Defendant Singh a copy of the Complaint and all exhibits, and the Emergency Motion for Ex Parte Temporary Restraining Order and all of its exhibits and placed the same documents in the mail for Defendant Willey at Koala Plus's address in Illinois.  (ECF No 7-9, p. 2).

Per D.C.COLO.LCivR 65.1, "[e]xcept as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order."  Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a TRO without written or oral notice to adverse parties only if:  (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiff was aware as early as December 15, 2022, that Defendants had organized a conference from January 30 to February 1, 2023.  (ECF No. 7-7, p. 3).  Indeed, Plaintiff required a response by Defendants to the cease-and-desist letters by December 22, 2022.  (*Id*.).  Moving for an ex parte TRO on January 23, 2023, (i.e., the week before Defendants' conference) while claiming it is an emergency is inappropriate and an abuse of Rule 65(b)(1).

Per D.C.COLO.LCivR 7.1, the duty to confer applies to motions for a TRO.  *See Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-CV-02717-PAB, 2012 WL 683494, at *1 (D. Colo. Mar. 2, 2012). This District has noted that:

4

> [t]he language of Rule 7.1A is important.  It requires that a moving party, before filing a motion, confer or make a reasonable effort to confer; the requirement is not satisfied by a party making a demand for compliance. To confer means "to hold a conference; compare views; consult together." . . . The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion . . . and does not suggest any negotiation or compromise . . . Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

*Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003) (citations omitted).  Plaintiff failed to confer or make reasonable, good-faith efforts to confer with opposing counsel to resolve the disputed matter and instead emailed a copy of the motion; thus, the motion for an emergency ex parte TRO will be denied.

But even if the Court considers the merits of the motion, Plaintiff still fails to establish a likelihood of success on the merits.  Plaintiff vaguely alludes to possessing "patented oral appliance technology and related treatments and training" that pertains to "dentofacial abnormalities and/or mild to moderate OSA and snoring in adults."  (ECF No. 7, p. 3).  Plaintiff, however, has not even established that Defendants have started a new venture that deals with identical services and training sessions as patented by Plaintiff.  Plaintiff does not control the entire field of craniofacial and dental sleep medicine and has failed to demonstrate a likelihood of success on the merits.  It is also unclear whether Plaintiff can prove that Defendant Singh has or will violate the non-compete clause.  Because Plaintiff fails to establish the first factor or provide sufficient support for the issuance of a TRO, the Court does not need to reach the remaining factors of the inquiry.  *See May v. U.S. Bank, N.A.*, No. 13-CV-01621-PAB, 2013 WL 3200473, at *2 (D. Colo. June 24, 2013).

## IV.  CONCLUSION

Accordingly, Plaintiff's Emergency Motion For Ex Parte Temporary Restraining Order is

DENIED.  (ECF No. 7).

DATED this 25th day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge